| 62  | 167 |
|-----|-----|
| f62 | 162 |

</div>

STEVENS ET AL. v. BOROUGH OF MERCHANTVILLE ET AL.

Submitted March 28, 1898—Decided June 13, 1898.

An ordinance by which a municipality makes a grant to a private corporation is void if such corporation was non-existent at the time the ordinance was introduced and passed upon second reading.

On *certiorari*.

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the prosecutors, *E. Ambler Armstrong*.

For the gaslight company, *Robert S. Woodruff* and *H. B. Gill*.

For the borough, *Charles V. D. Joline*.

The opinion of the court was delivered by

GARRISON, J.    This *certiorari* brings up an ordinance of the borough of Merchantville that in form is a contract with the Acetyline Gaslight Company, of Merchantville, New

Jersey. The ordinance was introduced at a meeting of common council held on July 6th, 1897, and was at this meeting passed upon second reading. At this time the contracting party was not in existence. On August 2d, 1897, the certificate of incorporation of the acetyline company was subscribed, and on August 3d it was filed in the office of the secretary of state. On the evening of this day the ordinance in question passed upon third reading. That this ordinance upon first and second reading had the legal effect of blank paper is too clear for argument. It was a grant that bound the borough to nobody, and bound no one to the borough. Until the contracting party came into being, the ordinance was a nullity; its third reading was in reality its introduction. It stands, therefore, either as an ordinance that has been introduced but not passed, or as one that was passed but not introduced. It is fruitless to scrutinize the details of its provisions; as an ordinance it is absolutely void.

The prosecutor is entitled to costs.